UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

**MICHAEL JOHNSON, JR.,**

    Petitioner,

v.                                              CIVIL NO. 4:22cv52
                                         [ORIGINAL CRIMINAL NO. 4:10cr16-3]

**UNITED STATES OF AMERICA,**

    Respondent.

## FINAL ORDER

This matter comes before the court on Petitioner's Second Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate"), filed on April 5, 2022. ECF No. 422. For the reasons explained below, the court **DENIES** the Motion to Vacate.

## I. BACKGROUND

In the early morning hours of September 8, 2007, Petitioner and two codefendants robbed a Hardee's restaurant located in the Denbigh neighborhood of Newport News, Virginia. Petitioner was tasked with serving as the getaway driver. He drove the other two (2) participants to the location and waited outside as the pair entered the store to demand money. After receiving the money, one of the codefendants shot an employee at close range, in the back of the head, and she died a short time later. Another employee struck by the same bullet survived his injuries. After the robbery,

Petitioner picked up his codefendants, who shared the proceeds of the robbery with him.

The trio was ultimately prosecuted in federal court for this offense. On April 12, 2011, Petitioner pleaded guilty to Counts One, Four, Six, and Nine of a ten-count Second Superseding Indictment (the "Indictment"). ECF No. 199. These convictions stem from Petitioner's conspiring to commit the robbery (Count 1), the use of a firearm resulting in the death of the victim during the robbery (Counts 4 and 6), as well as his intimidation of a witness following his arrest (Count 9). The first two categories are relevant to the pending Motion.

Count 1 charged Petitioner with Conspiring to Obstruct, Delay, and Affect Commerce by Robbery, in violation of 18 U.S.C. § 1951(a). Relevant here, Petitioner also pled not guilty to Count Two of the indictment, which charged him with the substantive violation of the same statute. Violations of this section are also referred to as Hobbs Act Robbery, named after the Act § 1951 codifies.

As for the firearms offenses, Count 4 charged Petitioner with Discharging a Firearm During a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2, while Count 6 charged Petitioner with Using a Firearm During a Crime of Violence Resulting in Death, in violation of 18 U.S.C. §§ 924(j) and 2.

Counts 4 and 6 identified both the Conspiracy to Commit Hobbs Act Robbery alleged in Count 1, and the substantive robbery offense charged in Count 2, as the predicate crimes necessary to sustain a conviction under § 924.

Prior to sentencing, the government moved the court to vacate Petitioner's conviction on Count 4 because the elements and facts of that offense were fully contained within Petitioner's conviction on Count 6. ECF No. 248 at 2-3; see Blockburger v. United States, 284 U.S. 299, 304 (1932) (establishing test for determining whether offenses are distinct for purpose of Double Jeopardy analysis). On July 22, 2011, during the sentencing hearing, the court vacated Petitioner's conviction on Count 4. On his remaining counts of conviction, Petitioner was sentenced to a total term of four hundred twenty (420) months imprisonment and five (5) years supervised release. ECF No. 250. This included 240-month terms on Counts 1 and 9, and a 420-month term on Count 6, which were all ordered to run concurrently. In accordance with Petitioner's Plea Agreement, the remaining pending counts, including Count 2, were dismissed at sentencing. ECF No. 424 at 30-31 (Sentencing Hearing Transcript). Pursuant to a government Motion, the court subsequently reduced Petitioner's sentence from 420 months to 210 months imprisonment. ECF No. 304.

3

On April 6, 2017, Petitioner filed his first § 2255 motion, ECF No. 335, which the court dismissed as untimely on January 9, 2018, ECF No. 339. Subsequently, in 2020, Defendant moved the Fourth Circuit for permission to file a second motion under § 2255. See In re Johnson, No. 19-482 (4th Cir. Jan. 13, 2020).[1] Defendant sought vacatur of his sentence, claiming that under United States v. Davis, 139 S. Ct. 2319, 2336 (2019), "924(c) is unconstitutional." See ECF No. 422 at 5.[2]

On April 5, 2022, the Fourth Circuit granted Defendant's motion for authorization to file a second or successive motion under 28 U.S.C. § 2255, "permitting consideration by the district court in the first instance of the impact of United States v. Crawley, 2 F.4th 257 (4th Cir. 2021), cert. denied, 142 S. Ct. 819 (2022), on [Petitioner's] claims." ECF No. 421. The same day, the Clerk filed Petitioner's proposed § 2255 petition as the instant Motion to Vacate. ECF No. 422. Shortly thereafter, on April 29, 2022, Petitioner filed his Motion for Appointment of Counsel, representing that he was indigent and therefore could not afford to retain his own attorney. ECF No. 423. On May 27, 2022, the court entered an Order denying Petitioner's Motion for

---

[1] The Fourth Circuit consolidated this case with No. 20-415.
[2] This was docketed as Petitioner's proposed § 2255 motion (Doc. No. 8) in Fourth Circuit Case No. 19-482.

4

Appointment of Counsel and directing the United States to respond to his Motion to Vacate. ECF No. 425.

The United States filed its Response in Opposition on July 26, 2022. ECF No. 428. The Response maintains that, even after Davis, Petitioner's conviction is constitutional because he pleaded to a predicate offense that remains a "crime of violence" for purposes of § 924(c): the substantive count of Hobbs Act Robbery. Id. at 5. Petitioner filed a Reply on September 14, 2020, ECF. No. 430, in which he noted that he had "nothing more to add," and thus "place[d] the matter before the court," id. at 1.

The record of Petitioner's previous proceedings, the filings pertaining to the instant Motion to Vacate, and the Fourth Circuit's recent decision in Crawley permit the court to resolve the pending Motion without further argument, rendering an evidentiary hearing unnecessary.

## II. MOTION TO VACATE

Petitioner's Motion to Vacate presents a single issue: whether the court must vacate Petitioner's conviction on Count 6 because it was predicated, in part, on an offense that no longer qualifies as a "crime of violence" under 18 U.S.C. § 924(c)(3)(B). Recent Fourth Circuit guidance teaches that, because his conviction was also founded upon a predicate offense that remains

5

valid following Davis, Petitioner's conviction and sentence on Count 6 must stand.

### A. Legal Standard

Title 18 U.S.C. § 924(c)(1)(A) explains that "any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm," faces a mandatory minimum term of imprisonment of at least five (5) years. If a defendant "causes the death of a person through the use of a firearm" during the course of violating § 924(c), and "if the killing is a murder," he shall "be punished by death or by imprisonment for any term of years or for life." 18 U.S.C. § 924(j)(1).

A different subsection of the statute, § 924(c)(3), provides two alternative definitions for a "crime of violence." The "force clause" defines such a crime as one which "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," while the "residual clause" captures conduct "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B)

6

In <u>United States v. Davis</u>, 139 S. Ct. 2319, 2336 (2019), the Supreme Court held that the residual clause is unconstitutionally vague. Accordingly, only crimes satisfying the force clause are valid "crime[s] of violence" capable of supporting a § 924(c) conviction. <u>United States v. Said</u>, 26 F.4th 653, 658 (4th Cir. 2022).[3] Hobbs Act Robbery, as prohibited by 18 U.S.C. § 1951(a), constitutes a crime of violence within the meaning of the force clause, and therefore remains a valid § 924(c) predicate. <u>United States v. Mathis</u>, 932 F.3d 242, 265-66 (4th Cir. 2019); <u>see also</u> <u>United States v. Ali</u>, 991 F.3d 561, 574 (4th Cir. 2021) (holding "that aiding and abetting Hobbs Act robbery" is also a valid predicate). Conspiring to commit that substantive offense, however, is not. <u>United States v. Simms</u>, 914 F.3d 229, 233 (4th Cir. 2019).

The Fourth Circuit has explained that "<u>Davis</u> announced a new rule of constitutional law that has been made retroactive to cases on collateral review by the Supreme Court . . . ." See <u>In re Thomas</u>, 988 F.3d 783 (4th Cir. 2021). Therefore, where the other procedural requirements are satisfied, and with circuit court authorization, petitioners may invoke <u>Davis</u> to challenge § 924(c) convictions which lack the support of a valid force clause

---

[3] Though a § 924(c) conviction may also relate to a "drug trafficking crime," the instant Motion to Vacate only implicates whether Count 6 relates to a "crime of violence."

predicate in successive § 2255 petitions. 28 U.S.C. § 2244(b). However, merely demonstrating that a conviction stemmed from a now-invalid predicate is not, on its own, sufficient to justify relief. The Fourth Circuit's recent decision in <u>United States v. Crawley</u>, 2 F.4th 257 (4th Cir. 2021), directly addresses this issue.

In <u>Crawley</u>, the Fourth Circuit considered whether the district court should have vacated a habeas petitioner's § 924(c) conviction "because the conviction relied in part on a now invalid predicate offense." <u>Crawley</u>, 2 F.4th at 259. The court concluded that the district court properly denied the motion to vacate "because the second predicate offense alleged in the § 924(c) indictment remain[ed] valid." <u>Id.</u> In so holding, the court explained that "a § 924(c) conviction based on one valid and one invalid predicate offense remains sound" where "the defendant pleads guilty to a § 924(c) offense expressly based on the valid and invalid predicate." <u>Id.</u> at 263.

In a recent unpublished Fourth decision, the Fourth Circuit described the relevant inquiry under <u>Crawley</u>:

> To determine which predicate offenses underlie a § 924(c) conviction obtained by a guilty plea, [courts] may look to 'the critical record documents,' which include the indictment, the plea agreement, the statement of facts, and the plea colloquy. At bottom, the inquiry centers on whether 'the conduct to which the defendant admits is in fact an offense under the

8

statutory provision under which he is pleading guilty,' and if so, whether that offense is a valid predicate.

United States v. Ogun, Nos. 16-7450, 20-6578, 2022 WL 843899, at *2 (4th Cir. Mar. 22, 2022) (unpublished) (quoting and citing Crawley, 2 F.4th at 263-65, 267) (internal citations omitted). As Crawley itself held, a predicate offense that a defendant pleaded not guilty to, and that the government dismissed, may still serve as a valid predicate if it is supported by sufficient evidence. Crawley, 2 F.4th at 263-64. A defendant's admission that he committed the valid predicate offense "is enough to sustain his conviction pursuant to a guilty plea for a § 924(c) offense expressly predicated upon" the crime. See id. at 265.

### B. Analysis

Petitioner argues that Davis's invalidation of the residual clause requires vacatur of his sentence on Count 6 because his conviction was predicated upon Conspiracy to Commit Hobbs Act Robbery, a now invalid predicate offense. ECF No. 422; id. Ex. 1.[4] The court disagrees.

---

[4] While Petitioner's ultimate position is unclear, he also seemingly suggests that substantive Hobbs Act Robbery does not qualify as a "crime of violence" under § 924(c)(3)(B). See ECF No. 422 Ex. 1 at 7-8. However, any such argument is meritless, as it runs contrary to Fourth Circuit precedent, and Petitioner has done nothing to place the facts of his case beyond the scope of that precedent. See Mathis, 932 F.3d at 265-66.

In Count 6 of the Indictment, the United States alleged that Petitioner

> knowingly carr[ied] and use[d] a firearm during and in relation to a crime of violence . . . (to wit: Conspiracy to Obstruct, Delay and Affect Commerce by Robbery, as set forth in Count One of [the] Indictment, <u>and</u>, Interference with Commerce by Robbery, as set forth in Count Two of [the] Indictment . . . .

ECF No. 199 at 10-11 (emphasis added). Though Petitioner pleaded guilty to conspiring to commit Hobbs Act Robbery as alleged in Count 1, he pleaded not guilty to the substantive offense as alleged in Count 2. As <u>Crawley</u> teaches, however, this does not end the court's inquiry. Instead, the key issue becomes whether, despite Petitioner's plea of not guilty, it is clear from the record that Petitioner "stipulated to the factual basis" for the conduct alleged in Count 2, such that Petitioner's guilty plea on Count 6 was supported by the substantive robbery charge in addition to the conspiracy to commit it. <u>Crawley</u>, 2 F.4th at 264.

Count Two alleges that Defendant committed Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a), which provides as follows:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery . . . or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

"Robbery," as that term is used in this section, is defined as

10

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b). Ample record evidence demonstrates that Petitioner stipulated to the factual basis sufficient to sustain the substantive § 1951(a) charge alleged in Count 2, relating to Petitioner's participation in the Hardee's robbery and the murder that occurred during the offense.

Petitioner's Plea Agreement incorporated an accompanying Statement of Facts, ECF No. 217, which Petitioner agreed under oath was accurate and established his "guilt of the offenses charged beyond a reasonable doubt." ECF No. 218 at 2-3. Petitioner consulted with counsel before stipulating to the truth of the contents of the Statement of Facts, which he conceded the United States would have been able to prove beyond a reasonable doubt at trial. ECF No. 217 at 8. Specifically, Petitioner admitted to participating in the robbery of the Hardee's restaurant on September 8, 2007, during which one of his codefendant's shot and killed an employee. Id. at 1-5. He also conceded to facts demonstrating that the robbery affected interstate commerce, as required by statute. Id. at 1-2.

In addition, during his plea colloquy, the court informed Petitioner that the substantive robbery offense could support his conviction on Count 6. The court explained that, to obtain a conviction, the United States would have to prove that Petitioner "committed a crime of violence, which would include the crime of conspiracy to interfere with commerce by means of robbery, [or] interference [with] commerce by means of robbery, which are both crimes of violence . . . ." Plea Hearing Transcript at 10-11. Though proving Petitioner's participation in the conspiracy alone is no longer sufficient, this explanation put Defendant on notice that the conduct alleged in Count 2 could serve as an alternate foundation for an ultimate jury finding of his guilt on Count 6.

During the hearing, Petitioner also testified under oath that he read his Plea Agreement, discussed it with counsel, signed the document, and initialed each page. Id. at 16-17. In sum, the court confirmed under oath that Petitioner admitted to sufficient facts to support a jury finding that he committed the Hardee's robbery as alleged in Count 2, which was explicitly identified as a predicate "crime of violence" in Count 6 of the Indictment, and which the Magistrate Judge explained could support his conviction on that count.

The court, therefore, concludes that the Indictment, Plea Agreement, Statement of Facts, and plea colloquy collectively

demonstrate that Petitioner's conviction on Count 6 was "expressly based," in part, on the Hobbs Act Robbery alleged in Count 2, and that Petitioner "stipulated to the factual basis" for this offense. Crawley, 2 F.4th at 263-64. Accordingly, Petitioner's conviction must stand, as it remains supported by a valid predicate offense.

### III. CONCLUSION

For these reasons, Petitioner's Motion to Vacate is **DENIED**. Petitioner is **ADVISED** that he may appeal from this Final Order by filing, within sixty (60) days of entry of this Order, a written notice of appeal with the Clerk of the United States District Court, U.S. Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The court declines to issue a certificate of appealability for the reasons stated herein.

The Clerk is **DIRECTED** to send a copy of this Final Order to Petitioner and to the United States Attorney at Newport News.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

November 1, 2022